## SHIELDS v. RAMON.

No. 7822. Decided December 15, 1952. (251 P. 2d 671.)

See 61 C. J. S., Motor Vehicles, sec. 520. Rights and duties of motorists at intersections. 5 Am. Jur., Automobiles, sec. 431; 81 A. L. R. 185.

*Miner & Jones* and *Wendell R. Jones,* Salt Lake City, for appellant.

*Wilford W. Kirton, Jr.,* and *Albert R. Bowen,* Salt Lake City, for respondent.

WADE, Justice.

This action was commenced by Richard Shields, plaintiff below and appellant herein, to recover for damages and injuries sustained in an automobile collision with a car owned and driven by Peter Ramon, defendant below and respondent herein. Ramon counterclaimed for damages to his car and for injuries he sustained in the collision. This appeal is from a judgment granted by the court against appellant on his suit and in favor of respondent on his counterclaim.

This case was tried by the court sitting without a jury. The evidence was uncontradicted that the accident occurred on a very dark, foggy night on January 26, 1951, *when* appellant was going at 25 miles per hour driving a 1939 Ford station wagon in a southerly direction along State Street in the lane of traffic next to the center line separating north and southbound traffic when at the intersection of State Street with Truman Avenue he ran into about the middle of respondent's car. State Street in Salt Lake City, Utah, runs in a general northerly and southerly direction. Truman Avenue runs in a general easterly and westerly direction and intersects with State Street on the west side. When the accident occurred, respondent who had been travelling in a northerly direction was making a left hand turn from State Street into Truman Avenue. The court found that just prior to making the turn, respondent had stopped in the northbound lane of traffic next to the center line and had allowed two cars whose lights he could see approaching at what appeared to be a moderate rate of speed to pass him and then seeing no more cars or lights approaching began to make his left hand turn and had proceeded into the west half of State Street at about five or ten miles an hour when appellant's car appeared suddenly out of the fog and struck his car knocking it about 67 feet from the point of impact. The court further found that respondent was not negligent but that

it was appellant's careless and negligent operation of his car which was the proximate cause of the accident.

A careful examination of the record discloses that there was sufficient evidence from which the court could reasonably find the facts as it did. One of plaintiff's own witnesses, a policeman who came to the scene of the accident shortly after it happened, testified that the fog was so great that visibility was limited to about 20 or 25 feet and that a safe speed under those conditions was about five miles an hour. Under such a state of the facts, this court cannot say as a matter of law that appellant was not negligent in operating his car at the rate of 25 miles per hour or that respondent was negligent in making a left turn going at five to ten miles per hour when he had been able to see and allowed to pass him two other vehicles and then proceeded to turn when he saw no more cars or lights of vehicles approaching.

Affirmed. Costs to respondent.

WOLFE, C. J., and McDONOUGH, CROCKETT, and HENRIOD, JJ., concur.